CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2005

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No.: 7:03cr00125 |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| PHILLIP TAYLOR | ) | By: Samuel G. Wilson<br>United States District Judge |

This matter is before the court on the motion of Defendant Phillip Taylor under Federal Rule of Criminal Procedure 12(b) to dismiss the indictment charging him with one count of possessing a firearm on or about October 29, 1999, while being an unlawful user of a controlled substance. In order to prove the offense, the Government must show that Taylor was an "unlawful user" of a controlled substance at the time of the incident in question, which requires showings of both recency and frequency of drug use. See United States of America v. Jackson, 280 F.3d 403 (4th Cir. 2002). The parties have stipulated to recency of use, agreeing that Taylor had used marijuana on the night of the incident in question. The parties have further stipulated that the only evidence the Government intends to offer in relation to frequency of use is Taylor's own statement on the night of the incident in question: "I am not addicted to cocaine, but I use marijuana."

"Normally a defendant is precluded from obtaining a dismissal prior to trial on the sole ground that the evidence, once presented, will be insufficient as a matter of law to convince a reasonable jury to convict." U.S. v. Jones, 117 F.Supp.2d 551 (W.D. Va. 2000) (citing United States v. Hall, 20 F.3d 1084, 1087 (10th Cir.1994)). However, if the Government has "stipulated

to the complete evidence that it will present at trial as to one of the essential elements of its case," the court may consider the indictment in light of the stipulated evidence but must view the evidence in the light most favorable to the Government. Id. Thus, the question before the court is whether a reasonable jury could find beyond a reasonable doubt that Taylor was a frequent "user" of marijuana at the time of the alleged offense based solely on his statement, "I am not addicted to cocaine, but I use marijuana." Taylor's use of the present tense suggests that his use of marijuana was ongoing, and, in light of the fact that Taylor denied being addicted to cocaine in the same breath as he admitted his marijuana use, a jury might infer that Taylor was declaring himself to be a frequent user of marijuana but not cocaine. Thus, viewing the evidence in the light most favorable to the Government, the court finds that a reasonable jury could find Taylor to be a frequent "user" of marijuana based on his statement. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Taylor's motion to dismiss the indictment is **DENIED**.

**ENTER**: This 20th day of June, 2005.

_____
UNITED STATES DISTRICT JUDGE